[L. A. No. 455.   Department Two.—March 17, 1898.]
## COUNTY OF SAN LUIS OBISPO, Respondent, v. R. E. JACK, Appellant.

COUNTY ORDINANCE—LICENSE TAX FOR LIQUOR BUSINESS—SEPARABLE INVALID PROVISION—ACTION BY COUNTY—CASE AFFIRMED.—The case of *County of San Luis Obispo v. Greenberg, ante,* p. 300, affirmed as to validity of a county ordinance imposing a liquor license tax, and as to the separable nature of invalid provisions therein, and as to the right of the county to maintain an action to recover the tax.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.  E. P. Unangst, Judge.

The facts are stated in the opinion.

V. A. & Paul M. Gregg, for Appellants.

F. A. Dorn, District Attorney, and Samuel V. Wright, for Respondent.

BELCHER, C.—This action was brought to recover a license tax of sixty dollars for conducting a liquor saloon for three-quarters of a year, for which sum it is alleged defendant is indebted to the plaintiff under and by virtue of the county ordinance which was considered and passed upon in the case of *County of San Luis Obispo v. Greenberg et al., ante,* p. 300, just decided.

The action was commenced in a justice's court and transferred to the superior court, where judgment was entered in favor of the plaintiff for the sum demanded; and the appeal is from the judgment on the judgment-roll.

After setting out the passage and publication of the said ordinance, the complaint alleges: "That continuously and at all times since the first day of July, 1896, at and in said county and township, said defendant has been continuously, and now is, engaged in conducting the business of selling spirituous, malt, fermented, and mixed liquors, and has continuously kept and now keeps a saloon and a place of public resort where such liquors are sold and given away, and has at said saloon and place of public resort sold and given away such liquors every day and night since

the date last aforesaid, in violation of section 10 and section 19 of said ordinance"; and that said business has been conducted without any county license, or payment of any license tax, and in violation of the provisions of said ordinance.

The court found that these averments were true, except, as alleged by defendant, that the said business was carried on in the city of San Luis Obispo.

Section 10 of the ordinance provides: "Every person, association, firm, or corporation engaged in conducting the business of selling spirituous, malt, fermented, or mixed liquors, or keeping any saloon, bar, or other place of public resort where such liquors are sold or given away, must pay a license of twenty dollars per quarter."

The appeal was submitted upon the briefs filed in the said Greenberg case, and, as all the points made in that case in support of the appellants' theory that the said ordinance was invalid and void were held not to be well taken, it is unnecessary to review the same points again here. Upon the authority of the decision in that case, the judgment in this case should be affirmed.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Temple, J., Henshaw, J., McFarland, J.